**HOBBS v. EMPLOYERS' LIABILITY ASSUR. CORPORATION et al.**

No. 17152.

Court of Appeal of Louisiana. Orleans.

May 8, 1939.

Rehearing Denied May 22, 1939.

Brady, Brady & Phillips, of Brookhaven, Miss., and Lemle, Moreno & Lemle, of New Orleans, for appellee.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellants Mrs. James A. Walker and Employers' Liability Assur. Corporation, Limited.

H. L. Hammett, of New Orleans, for appellants L. J. Hollands and Hardware Mutual Casualty Co.

McCALEB, Judge.

The solidary liability of the defendant insurers of the automobiles of L. J. Hollands and Mrs. James A. Walker for the injuries sustained by the plaintiff in this case has already been determined by us in our decree in the case of Mrs. William B. Hobbs v. Employers' Liability Assurance Corporation et al., 188 So. 191, decided on April 24, 1939. For a full statement of the facts and law of the case, with respect to the defendants' joint negligence, reference is made to our opinion in that matter.

Subsequent to the argument and submission of this case, the plaintiff, William B. Hobbs, died at his home in Brookhaven, Mississippi. Thereafter, on April 22, 1939, his widow, Mrs. William B. Hobbs, caused his succession to be opened in the Chancery Court of Lincoln County, Mississippi, and, upon her petition, the court issued an order appointing her as administratrix of his estate. Thereafter, she qualified as administratrix by taking the proper oath and executing a bond. On April 25, 1939, Mrs. Hobbs filed a petition in these proceedings, in her capacity as the duly qualified administratrix of the succession of Mr. Hobbs, in which she sought, as such, to be substituted as plaintiff and appellee in this case in the place and stead of her deceased husband. Upon the showing made by her pleadings, we granted an order making her a party plaintiff.

The only contested question in this matter is the quantum of damages awarded by the trial court to Mr. Hobbs for the injuries he sustained in the accident which happened on May 23, 1937. Our brother below gave him judgment for the sum of $3,000 and counsel for both defendants maintain that the award is grossly excessive.

The record shows that, because of the accident, Mr. Hobbs was compelled to undergo an expense of $576 representing doctors, hospital and other bills for treatment, et cetera, of Mrs. Hobbs and himself. Recovery of this amount is not in dispute.

In addition to the actual damages sustained by him, Mr. Hobbs received personal injuries in the accident which are described by Dr. Warren, his physician, to be: numerous lacerations and contusions over his body; contusions of the left thorax and chest; contusions across both shoulders, of the back of his neck and of his hips; laceration of both hands, thumb, fingers and knee. Dr. Warren also states that he suffered a severe shock which is attributable to the accident.

After the mishap, Mr. Hobbs was taken to a hospital in Brookhaven where he remained for a period of two weeks. Following this, he was confined to his home for three weeks. When he testified at the trial of the case (December 8th, 1938), which was a year and a half after the accident, he claimed that he was still suffering from the injuries he received; that his back bothered him; that his neck was still sore; that his nervous system was in bad shape and that he could only engage in part time employment. The evidence also shows that, sometime after the accident, he engaged a Doctor Price, an osteopath of Jackson, Mississippi, to treat him for his injuries. This physician diagnosed Mr. Hobbs' injuries to be a sacro-lumbar strain or twist and declares that he treated him for this complaint on fourteen occasions since July 14, 1937.

On the other hand, the defendants produced Dr. John T. O'Ferrell, who testified that osteopathy was not a proper treatment for a sacro-lumbar strain and he expressed the opinion that it was generally conceded by medical men that manipulation of an inflammatory injury would make it worse.

Dr. E. A. Ficklen, a witness for the defendants, who examined Mr. Hobbs on January 29, 1938, at Brookhaven, stated that he could find nothing wrong with him and that, from a memorandum given him by Dr. Warren, the latter did not say that there was any injury to Mr. Hobbs' back.

After a careful consideration of all of the testimony adduced, we are of the view that, while Mr. Hobbs received painful injuries, they were neither serious nor permanent. It must be conceded, however, that his hurts were considerably more severe than ordinary contusions and bruises for which we have previously allowed sums ranging between $250 and $500. On the other hand, we feel that the judgment of the trial court is somewhat excessive and it is our view that the sum of $1,000 is adequate compensation for Mr. Hobbs' physical injuries and mental anguish. In addition to this amount, he is, of course, entitled to recover the sum of $576 which represents the actual expense borne by him as a consequence of the accident.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment

appealed from be and it is amended so as to run in favor of Mrs. William B. Hobbs, administratrix of the estate of her deceased husband, William B. Hobbs, and by reducing the award in favor of plaintiff from $3,000 to $1,576. As thus amended, the judgment is affirmed. Costs of this appeal to be borne by the plaintiff, all other costs to be paid by the defendants.

Amended and affirmed.

## On Application for Rehearing.

PER CURIAM.

For the reasons given in the case of Mrs. William B. Hobbs v. Employers' Liability Insurance Corporation et al., La.App., 188 So. 191; Id., La.App., 188 So. 748, the applications of the defendants for a rehearing are refused.

Rehearing refused.